IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

TERRANCE WILLIAMS,

    Petitioner,

v.　　　　　　　　　　Civil Action Nos. 5:04CV106 and 5:04CV107
　　　　　　　　　　　(Criminal Action Nos. 5:02CR48 and 5:03CR15)
UNITED STATES OF AMERICA,　　　　　　　　　　(STAMP)

    Respondent.

**MEMORANDUM OPINION AND ORDER
AFFIRMING AND ADOPTING IN PART
MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
AND DENYING THE PETITIONER'S MOTION TO VACATE**

I.   Procedural History

On September 27, 2004, *pro se* petitioner, Terrance Williams ("Williams"), filed a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255. This Court referred the case to United States Magistrate Judge James E. Seibert, pursuant to 28 U.S.C. §§ 636(b)(1)(A) and (B), to recommend disposition of this matter.

On October 29, 2004, the United States filed a response to the petition. The petitioner filed a reply on November 17, 2004 and a supplemental memorandum in support of his motion on December 16, 2004.

On September 26, 2005, the magistrate judge entered a report recommending that the petitioner's petition be denied and dismissed with prejudice because it was untimely. No objections were filed.

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a *de novo* review of any portion of the magistrate judge's

recommendation to which objection is made. As to those portions of a recommendation to which no objection is made, a magistrate judge's findings and recommendation will be upheld unless they are "clearly erroneous." Because no objections have been filed, this Court reviews the magistrate judge's report and recommendation for clear error. After careful consideration, this Court finds that the magistrate judge's report and recommendation with regard to final disposition of this case should be affirmed and adopted. However, this Court finds it necessary to further address the petitioner's claim of ineffective assistance of counsel.

## II. Facts

Pursuant to a plea agreement with the United States, Williams pled guilty to Count Eight of a superceding indictment, which charged the petitioner with possession with the intent to distribute marijuana in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(D). In addition, Williams pled guilty to a one-count information charging Williams with interstate transportation in aid of racketeering in violation of 18 U.S.C. § 1952(a)(3). As part of his plea agreement, Williams stipulated to relevant drug conduct of at least 50 but less than 150 grams of cocaine base. In addition, Williams agreed to waive his right to appeal his sentence and waive any rights to challenge his sentence pursuant to a habeas corpus petition.

At the change of plea hearing, the United States summarized the terms of the plea agreement in open court and Williams was

instructed to listen carefully to the government's summary. The petitioner then indicated to this Court that he had reviewed the plea agreement, the superseding indictment and information with his attorney and that he understood the terms of his plea agreement. Importantly, the defendant indicated that he understood he was giving up his right to appeal any sentence within the maximum provided by 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(D). Finally, Williams indicated he understood he was waiving his right to challenge his sentence collaterally pursuant to a habeas corpus petition.

This Court informed Williams of the minimum and maximum penalties provided by 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(D), and explained that no one could determine the exact sentence that Williams would receive until the probation officer completed the presentence report and both parties had an opportunity to challenge facts reported by the probation officer. The petitioner indicated in open court that he understood that this Court was not bound by recommendations made in the plea agreement.

Williams then indicated in open court that he believed his attorney had adequately and effectively represented him throughout the criminal proceedings against him. Moreover, Williams again acknowledged that he did, in fact, commit the crime charged in Count Eight of the superseding indictment and Count One of the information. This Court then accepted Williams's plea of guilty,

but deferred adjudging him guilty and deferred accepting or rejecting the plea agreement until the time of sentencing.

After Williams entered his guilty plea, Williams's attorney, Jeff Harris, filed a motion for disclosure of certain grand jury testimony, arguing that the presentence report relied on factual testimony that had not been made available to Williams. In addition, attorney Harris filed a motion to withdraw as counsel for Williams, citing for his reason a complete and irrevocable breakdown in communication. On October 7, 2003, Williams filed his own motion for new counsel in which he indicated that his attorney had not kept him reasonably informed about his case and had not acted with appropriate diligence. This Court held a motions hearing on October 14, 2003 and following oral argument, denied the motion to withdraw and the motion for new counsel.

This Court then conducted a sentencing hearing in which Williams's criminal history, set out in an addendum to the presentence report,[1] was determined to be a category VI, and the Guideline range of imprisonment set out in the presentence report was determined to be 120-months imprisonment.[2] Accordingly, this

---

[1] Following a successful objection made by Williams's attorney, the probation officer agreed that Williams should not have received two criminal history points for a sentence of imprisonment he received in 1992. Accordingly, the probation officer calculated Williams's criminal history category based on 10 criminal history points rather than 12.

[2] Based on Williams's total offense level of 34 and his criminal history category of VI, the Guideline range for imprisonment would have been 262 to 327-months imprisonment. However, because the maximum term of imprisonment for each count to

4

Court sentenced Williams to 60-months imprisonment as to Count Eight of the superceding indictment and 60-months imprisonment as to Count One of the information to run consecutively for a total of 120-months imprisonment.

### III. Discussion

A. Effect of Waiver

As the magistrate judge notes in his report and recommendation, a waiver that is knowingly and voluntarily made is valid and applicable to challenges on habeas corpus petitions. United States v. Lemaster, 403 F.3d 216, 220-20 (4th Cir. 2005). This Court believes that the petitioner's broad argument that his conviction was obtained in violation of the Constitution and that his conviction was obtained by use of illegally obtained evidence is barred by virtue of the petitioner's plea agreement and waiver. As described above, the petitioner acknowledged in open court that he understood the nature of his waiver, and indicated in open court that his waiver was freely and voluntarily made. Moreover, petitioner stated that he was, in fact, guilty as charged. Accordingly, this Court finds that the petitioner's waiver bars all of the petitioner's claims with the exception of his contention that he was ineffectively represented by counsel, which is discussed below.

---

which Williams pled guilty was five years, U.S.S.G. § 5G1.1(a) required a Guideline range of 120 months, the sum of each count's statutory maximum.

5

B.  Ineffective Assistance of Counsel

"A guilty plea does not bar collateral review of allegations of ineffective assistance of counsel insofar as the alleged ineffectiveness bears on the voluntariness of the guilty plea." Fields v. Attorney General of State of Maryland, 956 F.2d 1290, 1296 (4th Cir. 1992). It stands to reason, then, that a waiver of appellate rights made in conjunction with a guilty plea does not necessarily bar a defendant from arguing ineffective assistance of counsel if it is determined that the waiver was the result of ineffective counsel. See Fields at 1297 n.17. Nevertheless, "[a]bsent clear and convincing evidence to the contrary, a defendant is bound by the representations he makes under oath during a plea colloquy." Fields at 1299. Notwithstanding Williams's waiver and statements made in open court, this Court finds it necessary to consider the petitioner's allegation of ineffective assistance of counsel.

An analysis of whether the petitioner suffered from ineffective assistance of counsel is guided by Strickland v. Washington, 466 U.S. 668 (1984), which states in pertinent part: (1) "the defendant must show that counsel's representation fell below an objective standard of reasonableness," and (2) "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding could have been different." Id. at 2064-65, 2068. The Supreme Court holds that "[a] reasonable probability is a

probability sufficient to undermine confidence in the outcome." Id. at 2068.

The petitioner argues that his attorney mislead him into stipulating to a relevant drug amount that was not supported by the evidence in this case. Furthermore, the petitioner contends that his attorney should have objected to drugs found in a pair of pants, should have impeached the credibility of "2 crack heads," and (3) should have challenged the conduct of Officer Skeets.

First, the petitioner has provided no evidence that suggests his counsel's representation falls below an objective standard of reasonableness as required by Strickland. Indeed, Williams's attorney acted zealously in requesting grand jury testimony and in discovering and objecting to an error in the presentence report that resulted in his client receiving an extra two points in his criminal history calculation. Moreover, in applying the Strickland analysis to Williams's case, this Court must give weight to the fact that Williams represented under oath that his counsel was effective and left nothing undone that Williams thought his counsel should have done.

Further, this Court notes that Williams objected to his first attorney, Frank W. Lash, and received a second attorney. Williams's second attorney discovered a conflict through his representation of several witnesses against Williams, and therefore, attorney Harris was appointed.

Following appointment, Harris filed a bill of particulars, a motion to suppress evidence seized from an apartment and from Williams's person and a motion to extend time to file further pretrial motions. While the number of motions are not always indicative of the quality of representation, this Court finds that the motions filed by Harris in this particular case demonstrate zealous and competent representation. At the very least, this Court finds that attorney Harris's representation does not fall below an objective standard of reasonableness.

Even if Harris's conduct was somehow deficient, which this Court does not believe to be the case, the petitioner has failed to demonstrate that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding could have been different. Again, this Court turns to Williams's statements in open court under oath in which he specifically acknowledged that he was guilty of the crimes charged in Count Eight of the superseding indictment and Count One of the information. Moreover, the petitioner specifically stipulated that the total relevant conduct was at least 50 but less than 150 grams of cocaine base. Clearly, there lies in this case no probability sufficient to undermine confidence in the outcome of this action in which the defendant admitted to the crime charged while under oath in open court. Strickland at 2068.

IV. Conclusion

Because this Court concludes that the magistrate judge's recommendation is without clear error, this Court hereby ACCEPTS and ADOPTS the magistrate judge's report and recommendation. In addition, this Court finds to be without merit the petitioner's argument that he was ineffectively represented by counsel. Accordingly, the petitioner's § 2255 motion is DENIED with prejudice. This civil action is hereby DISMISSED and STRICKEN from the active docket of this Court.

Finally, this Court finds that the petitioner was properly advised by the magistrate judge that failure to timely object to the report and recommendation in this action would result in a waiver of appellate rights. Because the petitioner failed to object, he has waived his right to seek appellate review of this matter. See Wright v. Collins, 766 F.2d 841, 844-45 (4th Cir. 1985).

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit copies of this order to the petitioner and to counsel of record herein. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED: January 5, 2006

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE